IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUMMIT LOCATIONS, LLC, et al., | ) | CASE NO. 1:23 CV 779 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF TRUSTEES, SHEFFIELD | ) | MEMORANDUM OPINION |
| TOWNSHIP, OHIO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the parties cross motions for summary judgment.

Plaintiffs Summit Locations, LLC ("Summit") and Huntington Outdoor, LLC ("Huntington")

move for Summary Judgment on Count Two of their Complaint. (ECF #23) Defendants Board of

Trustees, Sheffield Township, Board of Zoning Appeals, Sheffield Township, and Zoning

Inspectors Denise D'Agnese and Dale Suppa (collectively "the Sheffield Defendants") oppose

Plaintiffs' Motion for Summary Judgment on Count Two and cross move for Summary

Judgment on Plaintiffs' Complaint. (ECF #25) For the reasons that follow, Plaintiffs' motion for

summary judgment on Count Two is granted and Defendants' motion for summary judgment is

denied as moot.

**FACTS**[1]

Plaintiff Summit is engaged in the business of outdoor advertising in Ohio and other states. It leases property and constructs outdoor advertising devices. Plaintiff Huntington works in conjunction with Summit to display content on the outdoor advertising devices.  In April 2022, Summit entered into a Ground Lease Agreement with Ronald Lawson for the purpose of constructing a sign on real estate located at 1779 N. Ridge Road, Vermillion OH 44089. See Decl. of Joseph Cala, ¶6, (ECF #14)  On February 27, 2023, Summit submitted a sign permit application to build a billboard consisting of a 27' pole with two LED displays measuring 12' x 24' on the leased property. *Id.* at ¶7. In March 2023, the permit application was denied stating "not a permitted sign. See enclosed Resolution #1404(B) highlighted."  Section 1404(B) provides:

> **The erection of outdoor advertising signs shall be permitted in all commercial districts provided such signs advertise a bonfide business or service conducted on the premises** and the size of the sign shall be limited as provided herein.

Cala Decl. ¶ 8 and Ex. 1, ECF #14, 14-1)

As the Defendants' brief asserts, the facts are straight forward and undisputed. "Plaintiffs submitted an application for a sign zoning permit and it was denied on the basis that it was not advertising an on-premises business." See ECF #25 at p. 3. Defendants assert that the regulation of off-premises signs serves a significant governmental interest of limiting visual clutter in the

---

[1]    Except as otherwise cited, the factual summary is based on the Complaint and the parties' statements of fact.  Those material facts which are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving party.

Township, improves aesthetics, and reduces driving hazards. Plaintiffs argue that the Township's zoning regulation conflicts with Ohio Revised Code 519.20 because it does not permit off-premises advertising in a business district. Further, Plaintiffs' Complaint also alleges that the Township's zoning regulation prohibiting off-premises outdoor advertising in a business district is unconstitutional in that it restricts freedom of speech in violation of the First Amendment of the United States Constitution and the Constitution of the State of Ohio. (Count One) Count Three is a claim under 42 U.S.C. §1983 based upon the deprivation of Plaintiffs' constitutional rights by a state actor and Count Four seeks attorneys fees under 42 U.S.C. § 1988. In its motion for summary judgment, Plaintiffs only seek summary judgment on Count Two arguing that if the Court finds the Defendants' zoning ordinance to be in conflict with RC 519.20, the ordinance is void and all other claims are mooted.

## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

-4-

## DISCUSSION

### 1. Plaintiffs' Motion for Summary Judgment

Plaintiff moves for summary judgment on Count Two of the Complaint which asserts that the Township's zoning resolution 1404 (B) conflicts with Ohio R.C. § 519.20 and therefore is void and unenforceable.

Townships of Ohio have no inherent or constitutionally granted police power, the power upon which zoning legislation is premised. *Am. Outdoor Advert. Co. v. Franklin Twp. Bd. of Zoning Appeals*, 2008-Ohio-3063, ¶ 16, 177 Ohio App. 3d 131, 136, *citing Bainbridge Twp. Bd. of Trustees v. Funtime, Inc.*, 55 Ohio St.3d 106, 108. (1990) "Whatever police or zoning power townships of Ohio have is that delegated by the General Assembly, and it follows that such power is limited to that which is expressly delegated to them by statute." *Yorkavitz v. Columbia Twp. Bd. of Trustees*, 166 Ohio St. 349, 351(1957). It is therefore axiomatic that a township zoning resolution may not stand in conflict with the general legislation that enables its existence. *See id.* A zoning ordinance, rule or resolution which violates an explicit statutory command of the General Assembly is clearly preempted and is therefore invalid and unenforceable. *Newbury Twp. Bd. of Trustees v. Lomak Petroleum*, *Inc.*, 62 Ohio St. 3d 387(1992).(Paragraph one of the Syllabus); *Dsuban v. Union Twp. Bd. Of Zoning Appeals*, 140 Ohio App.3d 602, 608 (12th Dist. 2000).

The test to determine whether a conflict exists between a township's zoning resolution and a general law of the state is "whether the ordinance permits or licenses that which the statute forbids or prohibits, and vice versa." *Fondessy Ents., Inc. v. Oregon*, 23

-5-

Ohio St.3d 213,(1986)(Paragraph two of the Syllabus.)

Ohio Revised Code Section 519.20 provides:

> For the purposes of Sections 519.02 to 519.25, inclusive, of the Revised Code, outdoor advertising shall be classified as a business use and be permitted in all districts zoned for industry, business, or trade, or lands used for agricultural purposes.

The Township denied Plaintiffs' permit application based on the highlighted portion of the Township's zoning ordinance Section 1404(B) as follows:

> The erection of outdoor advertising signs shall be permitted in all commercial districts **provided such signs advertise a bonfide business or service conducted on the premises** and the size of the sign shall be limited as provided herein.

While the Township admits that  R.C. Section 519.20 prohibits townships from banning outdoor advertising in certain districts, it argues that its ban of off-premises advertising is merely a limitation on advertising permitted by R.C. 519.20. The cases cited by the Township in support of its argument that certain limitations to outdoor advertising are permitted do not apply here. In *Norton Outdoor Adver. v. Pierce Township*, 2007 WL 1577747 (S. D. Ohio May 30, 2007), *Foster & Kleiser v. Springfield Tp. Bd. Of Zoning Appeals*, 1986 WL 2215 (9th Dist. Ct. App. Feb. 12, 1986) and *Genesis Outdoor, Inc. v. Poland Twp. Bd of Zoning Appeals*, 2013 WL 1458843 (7th Dist. Ct. App. Mar. 26, 2013) the township regulations at issue did not ban off premises signs, billboards or outdoor advertising but merely regulated their size or setback.

Courts have struck down zoning ordinances that effected a ban on outdoor advertising, including ordinances that  banned off-premises signs. *See Hasman v. Genesis Outdoor, Inc.*, 2003 WL 680175, (11th Dist.Feb. 28, 2003); *Am. Outdoor Advertising Co., LLC v. Franklin Twp. Bd.*

-6-

*Of Zoning Appeals*, 177 Ohio App.3d 131 (11th Dist. 2008). *In Am. Outdoor Advertising*, the challenged resolution provided: "No billboards shall be erected, constructed or maintained in Franklin Township, Portage County, Ohio." Similarly, in *Hasman*, the challenged resolution prohibited off premises or billboard advertising. The Eleventh District Court of Appeals held that both resolutions conflicted with R.C. 519.20 and were invalid and unenforceable. More recently, the court in *Summit Locations LLC v. Board of Trustees, Washington Twp, Oh.*, No. 2022 CV 02557 (Montgomery Cty. C.P. Jan 5, 2023), found that a zoning regulation that provided "all commercial information conveyed by any sign permitted under this Resolution must pertain to the premises on which the sign is located" "unquestionably bans all commercial off-premises signs in the Township, thereby prohibiting all off-premises outdoor advertising," in "palpable and plain" conflict with R.C. 519.20.

Thus, Defendants' argument that its ban of off premises signs is not a ban of outdoor advertising but merely a reasonable restriction does not comport with the case law. The ordinance here, which effectively prohibits off-premises advertising, is in direct conflict with R.C. 519.20 and is therefore void and unenforceable.

## 2. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on all of the claims asserted by Plaintiffs. As explained above, the Court has determined that Defendants' ordinance at issue is in conflict with R.C. 519.20 and is therefore void. Plaintiffs assert that the claims asserted in Count Two are dispositive and the Constitutional claims asserted in Count One are alternative and are rendered

moot if the Court finds that the Sheffield Township zoning ordinance at issue is void. As the Plaintiffs have waived all of their remaining claims, Defendants' Motion for Summary Judgment is denied as moot.

## CONCLUSION

For the reasons set forth above, there is no genuine issue of material fact that would preclude judgment in favor of Plaintiffs on Count Two of their Complaint. Accordingly, Plaintiff's Motion for Summary Judgment on Count Two (ECF #23) is granted and Defendant's Motion for Summary Judgment (ECF #25) is denied.

IT IS SO ORDERED.

/s/ Donald C. Nugent

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: September 19, 2023

-8-